

**888 SEVENTH AVENUE**
**NEW YORK, NY 10019**
www.bursor.com

MAX ROBERTS
Tel: 646.837.7408
Fax: 212.989.9163
mroberts@bursor.com

June 2, 2022

**_Via ECF_**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119
(415) 355-8000

Re:   *Javier v. Assurance IQ, LLC et al.,* Case No. 21-16351 (9th Cir.)

Ms. Dwyer,

I represent Plaintiff-Appellant Florentino Javier in the above-referenced matter. I write pursuant to Ninth Circuit Rule 36-4 to request publication of the Court's May 31, 2022 Memorandum reversing and remanding the district court's order and judgment against Javier. Dkt. No. 38-1. The Memorandum should be published for at least two reasons. *First*, the Memorandum clarifies a previously unsettled question of statutory interpretation: that Cal. Penal Code § 631 requires prior consent for any wiretapping. This determination is important to protect the privacy interests of California consumers. *See* Cal. Penal Code § 630 (noting "the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society").

*Second*, defendants frequently raise a consent defense, in one form or another, in cases involving claims under the California Invasion of Privacy Act ("CIPA"). *See*, *e.g.*, *Keck v. Bank of America*, 2008 WL 1743445, *1 (N.D. Cal. Apr. 15, 2008) (addressing argument concerning after-the-fact-consent); *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1081 (C.D. Cal. 2021) (addressing argument that privacy policy furnished consent); *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 516 (C.D. Cal. 2021) (same); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 620 (N.D. Cal. 2021) (same); *Brown v. Google* LLC, 525 F. Supp. 3d 1049, 1063 (N.D. Cal. 2021) (same); *Matera v. Google Inc.*, 2016 WL 5339806, at *16 (N.D. Cal. 2016) (same); *Lopez v. Apple, Inc.*, 558 F. Supp. 3d 821, 827 (N.D. Cal. 2021) (addressing argument that users impliedly consented to wiretapping based on knowledge of "Siri activation alert"). The Court's ruling will likely be instructive as to the resolution of that defense in future cases involving claims under CIPA.

Accordingly, pursuant to Ninth Circuit Rule 36-4, the Memorandum should be published.

Respectfully submitted,

*Max Roberts*

Max Roberts

CC: all counsel of record (via E-Mail)