**MUNGER, TOLLES & OLSON LLP**

560 MISSION STREET
TWENTY-SEVENTH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

601 MASSACHUSETTS AVENUE NW
SUITE 500E
WASHINGTON, D.C. 20001-5369
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

June 9, 2022

Writer's Direct Contact
(415) 512-4017
(415) 644-6917 FAX
kelly.klaus@mto.com

Molly C. Dwyer, Clerk of the Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *Javier v. Assurance IQ, LLC*, No. 21-16351

Dear Ms. Dwyer:

Pursuant to Ninth Circuit Rule 36-4, Appellees submit this response to Appellant's letter requesting publication of the Court's May 31, 2022 Memorandum disposition. Appellees respectfully submit that, contrary to Appellant's contentions, the Memorandum disposition does not merit publication.

It appears that the Court may have decided not to publish its disposition because the Memorandum considered an issue of California law that the state courts have not yet decided. The Memorandum addressed whether Cal. Penal Code § 631(a) required prior consent. As the Court explained, the California Supreme Court has not addressed that question, which required the Court to "predict" how the California Supreme Court would interpret the statute. Mem. 4. To do so, the Court looked to what it expressly noted was dicta from two decisions of the California Supreme Court, neither of which addressed whether consent must be given in advance and one of which did not even interpret § 631. *See id.* at 4-5. By issuing an unpublished decision, the Court avoided creating binding precedent on an undecided state law issue without the benefit of directly on-point precedent from any California court.

MUNGER, TOLLES & OLSON LLP

Molly C. Dwyer, Clerk of the Court
June 9, 2022
Page 2

In addition, Appellees submit that the unpublished nature of the disposition is appropriate given the lack of adversarial briefing regarding the cases on which the Court relied. One of the cases on which the Court focused—*Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914 (Cal. 2006)—was raised for the first time in Appellant's reply brief. The portion of *Ribas v. Clark*, 696 P.2d 637 (Cal. 1985), on which the Court relied was not discussed in the parties' briefs. *See* Mem. 4 ("[T]he Privacy Act has been read to require the assent of all parties to a communication *before another may listen*." (quoting *Ribas v. Clark*, 696 P.2d 637, 640-41 (Cal. 1985))). Because the decision is not published, it does not bind future panels which may have the benefit of full briefing regarding these cases.

Appellant's arguments that the decision should be published are unavailing. Appellant asserts that the Court should publish the Memorandum because it "clarifies a previously unsettled question of statutory interpretation" and "will likely be instructive" in future cases that "frequently" raise the issue. Appellant's Letter 1. The former argument fails to acknowledge that, as explained above, the Court's decision addressed an unsettled *state law* question and that issuing a published decision might tie the hands of future panels that have additional guidance from state courts. The latter argument ignores that unpublished dispositions may still be cited as persuasive authority, so there is no need to publish the Memorandum for it to "be instructive" in future cases, *id*. *See* Ninth Circuit Rule 36-3(b); *e.g.*, *Pleitez-Lopez v. Barr*, 935 F.3d 716, 720 n.2 (9th Cir. 2019).

For these reasons, Appellees respectfully submit that the Court should deny Appellant's request to publish the disposition.

Very truly yours,

Kelly M. Klaus

49390112.1